WIER BOYD, for plaintiff in error.

J. N. DORSEY, for defendant.

---

JOHN SATERFIELD *et al.*, plaintiffs in error, *vs.* JAMES RANDALL *et al.*, defendants in error.

(BY TWO JUDGES.)—When a defendant claimed a prescriptive right to a lot of land, under a bond for title, on the ground that he had possession of the same by the exercise of such acts of ownership as the owners of such property usually do, though not living on the lot, and the Court charged the jury that the use and occupation of the land by the defendant must have been continuous, "that is, *from day to day*, *month to month*, and from year to year:"

*Held*, That this charge of the Court was error, in view of the evidence contained in the record. 12th February, 1872.

Prescriptive title. Before Judge PARROTT. Lumpkin Superior Court. September Term, 1871.

This was ejectment, the defense being the Statute of Limitations. Title was shown from the State down to plaintiff. For the defense, it was shown that the premises in dispute

Saterfield *et al. vs.* Randall *et al.*

was a wild lot, not fit for cultivation, and that from time to time, defendant exercised ownership over it, by cutting wood and timber therefrom, and digging gold therefrom, claiming possession, though not living on the land, ever since he bought it in 1834, and took a bond for titles therefor from one claiming it as his, and paying him at least part of the promised price.

The Court charged the jury, among other things, that if the land was not fit for cultivation, but was chiefly valuable for timber and mining, they could consider whether the use and occupation which defendant had enjoyed, was equivalent to such actual possession as would be the foundation of a prescriptive title, either by seven years' possession under color of title, or by twenty years' possession without title. (But such use and occupation must be continuous, that is, from day to day, month to month, and from year to year.) The jury found for the plaintiff. Defendants' counsel moved for a new trial, upon the grounds that the verdict was contrary to the evidence and the charge of the Court, (not repeated here,) and because that part of said charge above, in brackets, was contrary to law. The Court refused a new trial. This is assigned as error.

WEIR BOYD, for plaintiffs in error.

H. P. BELL, for defendants.

WARNER, Chief Justice.

This was an action of ejectment, to recover the possession of a tract of land in Lumpkin county. On the trial of the case, the defendant claimed the land under a prescriptive right to the possession of the land for seven years, under a color of title and claim of right. Whether the defendants' possession, under the evidence, was sufficient to protect him under the law, was a question of fact for the jury, and if they had found a verdict for the defendants, we should

not have been disposed to disturb it. But under the charge of the Court, the jury could not well have done otherwise than have found a verdict for the plaintiff. The Court charged the jury, " that if they believed, from the evidence, that the lot of land was not adapted to agricultural cultivation, but was chiefly valuable for timber and mining purposes, then they could consider whether the use and occupation which defendants had enjoyed was equivalent to such actual possession as would be the foundation of a prescriptive title, either for seven years under color of title, or twenty years without title, but such use and occupation must be *continuous*, that is, from *day to day, month to month, and from year to year."* This charge of the Court, in view of the evidence in the record, was error, and a new trial should have been granted.

Let the judgment of the Court below be reversed.